UNITED STATES DISTRICT COURT
WESTERN DISTRICT
AT TACOMA

| | | |
|---|---|---|
| N.H., a minor, by and through his parents and guardians, DINA HORTON | ) ) ) | No. |
| Plaintiffs, | ) ) ) | COMPLAINT |
| v. | ) ) ) | JURY TRIAL DEMANDED |
| CENTRALIA SCHOOL DISTRICT, CITY OF CENTRALIA, and PENNY FUGATE and JOHN DOE FUGATE, and their martial community composed thereof. | ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

## I. INTRODUCTION

1.      During his elementary years at Centralia School District ("CSD"), Plaintiff, N.H. was

attending Jefferson Elementary school.  Plaintiff N.H. was brutally slapped by Penny Fugate a

CSD school bus driver.   CSD and other school faculty of the CSD were aware or should have

been aware of violent physical actions by Penny Fugate.    Plaintiff N.H. was subjected to severe

and pervasive force on the basis of his race, sex, and perceived mental aptitude by employees of

the Centralia School District.   Administrators and others in the Centralia school district were

COMPLAINT - 1

James Bible Law Group
Valdez Lehman, PLLC
14205 SE 36th St. Suite 100
Bellevue, WA  98006
(425) 748-4585 ("JBLG")
(425) 458-4415 ("VL")

aware or should have been aware of the oversight of children with mental disabilities and had a duty and authority to proper monitor and supervise special education children, but they unreasonably and deliberately failed to take steps to monitor and supervise special education children.  As a result of Defendant's unreasonable and deliberate indifference to monitor and supervise N.H., N.H. was subjected to being locked in a room by employee/personnel of Centralia school district and has suffered severe psychological and mental harm.

2.      N.H.by and through his guardians and parents, Dina Horton, brings this action seeking monetary damages from Defendants.  N.H. seeks damages to compensate him for the harm that is a direct and proximate result of the Defendant's actions.

## II. PARTIES, JURISDICTION, AND VENUE

3.      Plaintiff N.H., a 8-year-old, and at all pertinent times was, a resident of Centralia Washington.

4.      N.H. is a student in Centralia School District. Plaintiff attended Jefferson Elementary School, from September 2018 till 2020.   The school is within the Centralia School District.

5.      Defendant Centralia School District (the "School District") is a school district located in Lewis County, Washington. Pursuant to R.C.W. 28A.320.010, the School District is a corporate body that possesses all the usual powers of a public corporation and may sue and be sued and transact all business necessary for maintaining and protecting the rights of the School District. The School District controls and operates Jefferson Elementary School.

6.       The School District receives federal financial assistance from the United States Department of Education.  Consequently, the School District is subject to suit under Title IV of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq., and Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a).

COMPLAINT - 2

**James Bible Law Group**
**Valdez Lehman, PLLC**
**14205 SE 36th St. Suite 100**
**Bellevue, WA  98006**
**(425) 748-4585 ("JBLG")**
**(425) 458-4415 ("VL")**

7.      The School District is entrusted with the responsibility for creating and maintaining an educational environment that is physically and psychologically safe for students. The School District is also entrusted with the responsibility for making policy and for implementing disciplinary, anti-harassment, and anti-discrimination laws and policies.

Further, the School District is also entrusted with the responsibility for enforcing, and ensuring that its subordinates, agents, and employees enforce such laws and policies by taking prompt remedial action following acts of inappropriate behavior, harassment, or discrimination against students, including special education students.

8.      The School District failed to implement and enforce, and failed to ensure that its subordinates, agents, and employees enforced, the above-described laws and policies or failed to take necessary and prompt remedial action following knowledge or reports of assault, harassment and discrimination.

9.      This court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because this action seeks a civil remedy under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d and Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 and Title II of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. 12132, and Section 504 of the Rehabilitation Act of 1973 (Rehabilitation Act), 29 U.S.C. 794 (2012 & Supp. II 2014). The Court has supplemental jurisdiction over state law claims made herein pursuant to 28 U.S.C. § 1367. Furthermore, jurisdiction in this Court is based on the existence of a federal question pursuant to 28 USC §1331 and 1343, in that Plaintiffs assert claims for deprivation of civil rights under 42 USC §1983 for violation of the Fourth Amendments to the United States Constitution

10.     The Court has authority to award costs and attorneys' fees under 42 U.S.C. § 1988 and R.C.W. 49.60.030.

COMPLAINT - 3

**James Bible Law Group**
**Valdez Lehman, PLLC**
**14205 SE 36th St. Suite 100**
**Bellevue, WA  98006**
**(425) 748-4585 ("JBLG")**
**(425) 458-4415 ("VL")**

11. On or about January 31, 2019, Plaintiff provided the School District with notice of his tort claims pursuant to R.C.W. 4.96.020

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) and (2). Venue for this action is appropriate in this Court because the events giving rise to the claims asserted herein occurred in the Tacoma Division of this district and because the plaintiffs and defendants reside in this district.

### III. FACTS

11. On September 26, 2018, N.H., then a 2nd grader student at Jefferson Elementary School suffered a traumatic and horrible thing. While on the bus to school, N.H. said a profanity. Penny Fugate was the school bus driver driving the school bus.

12. Upon information and belief, N.H. has a Individualized Education Program ("IEP"), a written statement designed for him while he was attending Jefferson Elementary School.

13. Upon information and belief, N.H. is a special needs student and has an IEP written for him in accordance with state and federal laws.

14. Defendant Fugate asked N.H whether he said a profanity, to which N.H. owned up to and said he did.

15. Upon information and belief, Defendant Fugate demanded N.H. to repeat the word he just said.

16. N.H. repeated the word and told Defendant Fugate the word he used. When N.H. repeated the word he used as instructed by Defendant Fugate, Defendant Fugate violently slapped N.H. across his face with her left hand and yelled "shame on you." The entire incident was recorded on video.

COMPLAINT - 4

James Bible Law Group
Valdez Lehman, PLLC
14205 SE 36th St. Suite 100
Bellevue, WA 98006
(425) 748-4585 ("JBLG")
(425) 458-4415 ("VL")

17.     Defendant Fugate later informed another school representative about the incident, Mr. Kingsley.  Defendant Fugate informed Mr. Kingsley that she inadvertently struck N.H. across the face

18.     Mr. Kingsley reviewed the video.  Upon Mr. Kingsley review, he saw and watched what actually was recorded on the video regarding the incident.  Mr. Kingsley contacted the Centralia police about the incident and reported the incident.

19.     Officer M. Lowrey was the officer assigned to deal with this incident.  Officer Lowery contacted Defendant Fugate and Defendant Fugate attempted to continue to report and state the false story about accidentally hitting N.H.

20.     Officer M. Lowrey wrote an incident report and stated the following in the report: In reviewing the video this is obviously not the case [as alleged by Defendant Fugate] and Fugate can be seen stopping, pointing at [N.H.] then striking him with her hand."  This incident occurred in front of other classmates and thoroughly humiliating N.H. and significantly impacting his personal life and the remainder of his school year.  This demeaning and shameful tactic was spread among more students furthering N.H.'s humiliation because it was done in front of other students.

21.     No disciplinary action was taken by CSD against Penny Fugate.

22.     Defendant Fugate immediately put her two-week notice of leaving employment with the CSD just days after she viciously hits N.H.

23.     Upon assumption and belief, H. was subjected to being locked in a room by himself, isolated by employees/personnel of Centralia school district for significant periods of time and has suffered severe psychological and mental harm from these lock ups.

24.     Dina noticed changes in N.H.'s demeanor and is greatly concerned and believes the basis for these changes are directly related to the physical attack by Defendant Fugate.

COMPLAINT - 5

**James Bible Law Group**
**Valdez Lehman, PLLC**
**14205 SE 36th St. Suite 100**
**Bellevue, WA  98006**
**(425) 748-4585 ("JBLG")**
**(425) 458-4415 ("VL")**

25.    As a result of the Centralia School District's actions/inactions, N.H. became withdrawn and changed.  N. H.'s present condition also greatly distressed his mother, Dina, as she is struggling to comprehend the extent of the damage this physical attack caused to her son and this is causing great mental stress on him.

26.    The actions and activities committed by the defendants were not in compliance with the plaintiff's Individual Education Plan (IEP).

### IV. CAUSES OF ACTION

**First Cause of Action:**
**Violation of Title VI of the Civil Rights Act of 1964**

26.    <u>First Cause of Action</u>.  By virtue of the facts set forth above, the defendants are liable to all plaintiffs for damages for negligence.  The claim for negligence arises out of the duty owed to N.H by the school and by extension the school employee/personnel who assaulted him subjected him to isolation and lockdowns.  The duty is breached when the school and its employees/personnel chose to physically assault and isolate N.H. in a room being aware or should have been aware of his specials needs, and but for the negligence or action of the school employee/personnel and the employee the Centralia School District, N.H would not have suffered from mental and psychological harm.  Thus, the elements of negligence are met.  Specifically and further, in Washington, the public duty doctrine defines under which a governmental entity may owes a statutory or common law duty to particular member of the public, namely, (i) legislative intent, (ii) failure to enforce, (iii) the rescue doctrine, or (iv) a special relationship.

27.    <u>Second Cause of Action</u>. By virtue of the facts set forth above, the defendants are liable

COMPLAINT - 6

**James Bible Law Group**
**Valdez Lehman, PLLC**
**14205 SE 36th St. Suite 100**
**Bellevue, WA  98006**
**(425) 748-4585 ("JBLG")**
**(425) 458-4415 ("VL")**

to all plaintiffs for the tort of outrage.  N.H and his mother both bring their claims of outrage based the fact that Defendants failed to monitor and supervise N.H and allowed him to be assaulted and isolated in a room for long periods in the rooms of Centralia School District. Defendants actions were not only reckless, but intentional, as they violently assaulted N.H and then grabbed N.H and physically isolated in a room by himself in the rooms of Centralia School District, knowing or should have known this could and would cause emotional distress to N.H. N.H. suffered injury and pain before during this process as the result of the school employee/personnel hitting him and detaining him separately in a room of Centralia School District.

28.     Third Cause of Action.  Per RCW 49.60.030, the defendants are liable to the plaintiffs for violation of the plaintiffs' civil rights to the right to be free from discrimination because of race, creed, color, national origin, sex, honorably discharged veteran or military status, sexual orientation, or the presence of any sensory, mental, or physical disability or the use of a trained dog guide or service animal by a person with a disability is recognized as and declared to be a civil rights.

29.     Fourth Cause of Action 42.USC §1983.  By virtue of the facts set forth above, all defendants are liable for compensatory and punitive damages for deprivation of civil rights of FDC, guaranteed by the Fourteenth Amendments of the constitution of the United States and 42 USC §1983 to be free from unreasonable searches and seizures without due process of law.

30.     Fifth Cause of Action 42 U.S.C. § 2000d et seq.  By virtue of the facts set forth above, above all defendants are liable for damages for violation of Title II, which provides that no

COMPLAINT - 7

**James Bible Law Group**
**Valdez Lehman, PLLC**
**14205 SE 36th St. Suite 100**
**Bellevue, WA  98006**
**(425) 748-4585 ("JBLG")**
**(425) 458-4415 ("VL")**

qualified individual with a disability shall, by reason of such disability, be excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.  42 U.S.C. 12132.

31.     Sixth Cause of Action Negligent Infliction of Emotional Distress.   By virtue of the facts set forth above, the defendants are liable to all plaintiffs for the tort of negligent infliction of emotional distress.  Centralia School District's negligently breached its duties to N.H. and Dina Horton and its actions and inactions have caused injuries N.H. and Dina Horton to suffer emotional distress, and each have been damaged in an amount to be proven at trial.

32.     Seventh Cause of Action  Injury to a Child RCW 4.24.010.  By virtue of the facts set forth above, Dina Horton regularly contributed to the support of her minor son, N.H., and pursuant to RCW 4.24.010 Dina Horton may maintain an action as plaintiff for the injury of N.H. Through its actions and inactions in the preceding paragraphs, Centralia School District has proximately caused injury and damage to N.H.

### V. PRAYER FOR RELIEF

Plaintiffs respectfully prays for judgment as follows:

1.  An award of compensatory damages and consequential damages to Plaintiff for harm suffered, opportunities denied, and deprivation of rights in an amount to be proven at trial;

COMPLAINT - 8

**James Bible Law Group**
**Valdez Lehman, PLLC**
**14205 SE 36th St. Suite 100**
**Bellevue, WA  98006**
**(425) 748-4585 ("JBLG")**
**(425) 458-4415 ("VL")**

2. An award of Plaintiff's expenses, costs, and reasonable attorneys' fees under 42 U.S.C. § 1988 and any other applicable provision of federal or state law, and

3. Such other and further relief as the Court deems just and proper.

DATED this 8th day of July, 2022.

                              _/s/ James Bible_____

                              James Bible, WSBA #33985

                              Attorney for Plaintiffs

                              _/s/ Jesse Valdez_____

                              Jesse Valdez, WSBA #35378

                              Co-Counsel Attorney for Plaintiffs

COMPLAINT - 9

**James Bible Law Group**
**Valdez Lehman, PLLC**
**14205 SE 36th St. Suite 100**
**Bellevue, WA  98006**
**(425) 748-4585 ("JBLG")**
**(425) 458-4415 ("VL")**